IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| REGINA MICHELLE HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:11-CV-310-CSC |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.  Introduction.**

The plaintiff applied for disability insurance benefits pursuant to Title II of the

Social Security Act,  42 U.S.C. § 401 et seq., alleging that she was unable to work

because of a disability.  Her application was denied at the initial administrative level.  The

plaintiff then requested and received two hearings before an Administrative Law Judge

("ALJ").  Following the last hearing, the ALJ also denied the claim.  The Appeals Council

rejected a subsequent request for review.  The ALJ's decision consequently became the

final decision of the Commissioner of Social Security (Commissioner).[1]  *See  Chester v.*

*Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  The case is now before the court for review

---

[1]Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub.L.
No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to
Social Security matters were transferred to the Commissioner of Social Security.

pursuant to 42 U.S.C. §§ 405 (g) and 1383(c)(3).[2]  Based on the court's review of the

record in this case and the briefs of the parties, the court concludes that the decision of the

Commissioner should be reversed and remanded for further proceedings.

## II.  Standard of Review

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the

person is unable to

> engage in any substantial gainful activity by reason of any medically
> determinable physical or mental impairment which can be expected to result
> in death or which has lasted or can be expected to last for a continuous
> period of not less than 12 months...

To make this determination[3] the Commissioner employs a five step, sequential

evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920.

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific
> impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?
>
> An affirmative answer to any of the above questions leads either to the next
> question, or, on steps three and five, to a finding of disability.  A negative
> answer to any question, other than step three, leads to a determination of
> "not disabled."

---

[2]Pursuant to 28 U.S.C. § 636(c), the parties have consented to entry of final judgment by the United States Magistrate Judge.

[3]A "physical or mental impairment" is one resulting from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[4]

The standard of review of the Commissioner's decision is a limited one. This court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Ingram v. Comm. of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158–59 (11th Cir. 2004). A reviewing court may not look only to those parts of the record which supports the decision of the ALJ but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179, 1180 (11th Cir. 1986). The court "may not decide the facts anew, reweigh the evidence, or substitute . . . [its] judgment for that of the [Commissioner]." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004) (alteration in original) (quotation marks omitted).

> [The court must, however,] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

---

[4]*McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986) is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See e.g. Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981) (Unit A).

3

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

## III.  The Issues

**A.  Introduction.**  The plaintiff was 42years old at the time the ALJ rendered his final decision and has a 12th grade education.  The plaintiff's prior work experience includes work as a poultry boner.  Following the administrative hearing, the ALJ concluded that the plaintiff has impairments of lumbar multilevel facet arthropathy, lumbar degenerative disc disease, hypertension, schizoaffective disorder, and alcohol abuse.  Nonetheless, the ALJ concluded that the plaintiff was not disabled because the plaintiff has the residual functional capacity to perform her past relevant work as well as work as an assembler, photocopying machine operator and garment sorter. (R. At 25)

**B.  The Plaintiff's Claim.**  As stated by the plaintiff, her sole claim is that the Commissioner's decision should be reversed because the ALJ erred in his consideration of the medical opinion of Dr. Jordan, including significant mischaracterizations and/or misrepresentations of portions of this opinion.

## IV.  Discussion

Dr. Jordan is a consultative psychologist who conducted examinations of the plaintiff on July 23, 2007 (R. at 279) and September 7, 2009. (R. at 422) It is Dr. Jordan's latter findings which the plaintiff contends were not fully appreciated by the ALJ. Following his 2009 examination Dr. Jordan submitted a written report, (R. at 422-425) and completed a Social Security Form: "Medical Source Statement of Ability to do Work-Related Activities (Mental). (R. at 426-428) That form asks the examiner to provide his

"professional opinion of <u>what the individual can still do despite his/her impairment(s)</u>."
(R. at 426) Dr. Jordan found that had the plaintiff had (1) no limitations in her abilities to understand, remember, or carry out simple instructions; (2) mild limitations[5] in her abilities to make judgments on simple work-related decisions, and interact appropriately with the public; (3) moderate limitations[6] in her abilities to understand, remember, and carry out complex instructions, make judgments on complex work-related decisions, and interact appropriately with supervisors and co-workers; and (4) a marked limitation[7] in her ability to respond appropriately to usual work situations and to changes in a routine work setting (R. at 426-427).

During the second hearing before the ALJ held on January 20, 2010, the ALJ posed a hypothetical question[8] to the vocational expert.

In the second hypothetical I would like you to go back to the Vandersill[9] physical limitations, and in this second hypothetical replace the Maghoni[10]

---

[5]The form defines "mild" as "a slight limitation in this area, but the individual can generally function well."  (R. at 426)

[6]The form defines "moderate" as "more than a slight limitation in this area but the individual is still able to function satisfactorily."  *Id.*

[7]The form defines "marked" as a "serious limitation in this area. There is a substantial loss in the ability to effectively function."  *Id.*

[8]Actually the ALJ posed three different hypothetical questions to the vocational expert but this is the one that matters.

[9]Dr. Vanderzyl is a consultative physician who examined the plaintiff concerning her physical impairments. (R. at 430-36).  The ALJ gave "significant weight" to his opinion.  (R. at 23)

[10]Dr. Meghani is a Southeast Psychiatric Services psychiatrist who treated the plaintiff for a

<span style="float:right">(continued...)</span>

5

limitations with the following limitations.  I'd like you to assume that this
hypothetical person would be unlimited in the ability to understand,
remember and carry out simple one and two step instructions and tasks, but
can only carry out, remember and understand complex instructions and
tasks on an occasional basis.  I'd like you also to assume that the person
would-be limited to occasional interaction with supervisors and co-workers,
and I'd like you to assume that the work setting in which she would work
would be expected to have no significant changes at all during the workday.

The vocational expert responded that with these limitations, the plaintiff could

perform her past relevant work as a poultry boner as well as work as an assemble, a

photocopy machine operator and a garment sorter.  (R. at 49)  On this basis, the ALJ

concluded that the plaintiff was not disabled at Step 4 of the sequential analysis because

she could return to her past relevant work, and he also alternatively found at Step 5 that

she was not disabled because she could perform other jobs in the national economy.  The

plaintiff contends this was error.

> However, despite affording significant weight to the opinion of Dr. Jordan
> and adopting the mark[ed] limitation, the ALJ then proceeded to redefine
> that limitation and failed to correctly proffer it to the VE.  In fact, the ALJ
> attempted to diminish the impact of Dr. Jordan's finding of a marked
> limitation by stating that it "does not preclude functioning, as defined" (Tr.
> 23).  He then stated that "[i]t is a serious limitation, and its inclusion in Dr.
> Jordan's opinion does not render that opinion inconsistent." *Id*. However,
> this form actually defines "marked" as follows: "There is a serious
> limitation in this area. There is a **substantial loss in the ability to
> effectively function**" (Tr. 426) (emphasis added). Despite his adoption of
> the marked limitation, the ALJ clearly erred in his consideration of this
> portion of Dr. Jordan's opinion.

---

[10](...continued)
period of time.  The ALJ gave no weight to his opinion because it "is significantly inconsistent with the
treatment notes and other medical opinion evidence."  (R. at 24) The plaintiff does not challenge this
finding.

The plaintiff recognizes that whether ALJ's is correct in his conclusion that a marked limitation "does not preclude functioning" is not the dispositive issue. Obviously is it not dispositive because it is correct. A limitation that is "serious" resulting in a "substantial loss in the ability to effectively function" plainly does not "preclude" all functioning in an area of concern. Putting that aside, the crux of the plaintiff's argument seems to be that with regard to the plaintiff's compromised ability to respond appropriately to usual work situations and to changes in a routine work setting the ALJ did not find out from the vocational expert whether a marked limitation in this area is within, as the plaintiff puts it, the customary tolerances of employers.

In his hypothetical, the ALJ plainly excluded "significant" changes in a routine work setting as a condition under which the plaintiff would be working. But the ALJ did not address the effect of a marked limitation in her ability to respond appropriately to usual work situations. Thus, the question for the court is whether this was error and whether, if so, it is of significant magnitude to require a remand. After careful consideration, the court concludes that it was error and a remand is required.

SSR 85-15 states in relevant part as follows:

The basic mental demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervision, coworkers, and usual work situations; and to deal with changes in a routine work setting. A substantial loss of ability to meet any of these basic work-related activities would severely limit the potential occupational base. This, in turn, would justify a finding of disability because even favorable age, education, or work experience will not offset such a severely limited

occupational base.

Dr. Jacobs opined that the plaintiff is markedly compromised in her ability to respond to usual work settings.  The ALJ did not mention this inability in his hypothetical to the vocational expert, and the ALJ does not otherwise account for it in this residual functional capacity determination.  In light of the admonition in SSR 85-15, the court is left with substantial doubt about whether the ALJ properly determined as a matter of law whether the plaintiff's impairment does not preclude her from working.  On remand, the ALJ must make appropriate inquiry about the effect of the plaintiff's marked impairment on her ability to perform her past relevant work or any job in the national economy.  Accordingly, this case will be reversed and remanded to the Commissioner for further proceedings consistent with this opinion.  It is further

ORDERED that, in accordance with *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273, 1278 fn. 2 (11th Cir. 2006), the plaintiff shall have sixty (60) days after she receives notice of any amount of past due benefits awarded to seek attorney's fees under 42 U.S.C. § 406(b).  *See also Blitch v. Astrue*, 261 Fed. Appx. 241, 242 fn.1 (11th Cir. 2008).  A separate final judgment will be entered.

Done this 25th day of July, 2012.


_____/s/Charles S. Coody_____
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

8