IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| REGINA MICHELLE HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:11cv310-CSC |
| ) | (WO) |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION and ORDER**

On October 5, 2012, the plaintiff filed a motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). (Doc. # 17). The Commissioner objects to an award of fees because his "position was substantially justified." (Def's Res., doc. # 19, at 1).

Contending she was disabled, the plaintiff applied for and was denied disability insurance benefits by the Commissioner. After her application was denied, she sought judicial review in this court. On July 25, 2012, the court concluded that the ALJ erred and remanded the case for further proceedings.

A Social Security disability claimant is a prevailing party entitled to seek EAJA fees when the claimant obtains a remand for reconsideration of her case by the Commissioner. *See Shala v. Schaefer*, 509 U.S. 292, 300-01 (1993). Thus, the plaintiff is a prevailing party.

Under the EAJA, the court "shall award" attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances

make an award unjust." 28 U.S.C. § 2412(d)(1)(A). *See also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002). "The government's position is substantially justified under the EAJA when it is justified to a degree that would satisfy a reasonable person - i.e. when it has a reasonable basis in both law and fact.  The government bears the burden of showing that its position was substantially justified." *United States v. Douglas*, 55 F.3d 584, 588 (11th Cir. 1995) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

The court concluded that a remand was necessary because the ALJ failed to address the effect of a marked limitation in the plaintiff's ability to respond appropriately to *usual* work situations in his hypothetical questions to the vocational expert.  "When the ALJ uses a vocational expert, the ALJ will pose hypothetical question(s) to the vocational expert to establish whether someone with the limitations that the ALJ has previously determined that the claimant has will be able to secure employment in the national economy." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004).  A vocational expert's testimony is fatally deficient if the ALJ's hypothetical questions fail to precisely set out all of the claimant's impairments.  *See Wilson v. Barnhart,* 284 F.3d 1219, 1227 (11th Cir. 2002) citing *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999).  *See also Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980) (citing with approval *Stephens v. Secretary of Health, Ed. and Welfare*, 603 F.2d 36, 41 - 42 (8th Cir. 1979).

The court "[wa]s left with substantial doubt about whether the ALJ properly determined as a matter of law whether the plaintiff's impairment does not preclude her from working," and thus, the court concluded that a remand was necessary for "the ALJ [to] make appropriate inquiry about the effect of the plaintiff's marked impairment on her ability to

perform her past relevant work or any job in the national economy." (Mem. Op., doc. # 15 at 8). This case was remanded specifically because the ALJ failed to include the plaintiff's marked impairment in his questions to the vocational expert. *See Pendley v. Heckler,* 767 F.2d 1561, 1563 (11th Cir. 1985) (reversing ALJ's decision for failure to incorporate severe impairments of anxiety and depression into hypothetical questions to vocational expert). Because the ALJ committed legal error requiring a remand for further proceedings, the Commissioner's position in this litigation did not have a reasonable basis in law. *Pierce* requires that the government's position be reasonable *both* in fact and law to be substantially justified.

The Commissioner argues that the plaintiff is not entitled to fees because "reasonable people can disagree about whether the Administrative Law Judge's (ALJ's) decision in this case was appropriate, the Commissioner was substantially justified in this case." (Def's Res., doc. # 19, at 3). The defendant's position misses the mark. The ALJ erred, as a matter of law, by not fully incorporating all the plaintiff's impairments and restrictions in the hypothetical questions posed to the vocational expert. The court remanded the case because the ALJ failed in *his* duty to properly incorporate the plaintiff's marked impairment in his questions the vocational expert, not because "reasonable people could disagree" about the ALJ's ultimate disability decision. Moreover, the arguments presented by the Commissioner merely rehash his arguments in support of the ALJ's determination. Consequently, the court concludes that the Commissioner's position was not reasonable in law and was not substantially justified. The plaintiff is entitled to an award of fees under EAJA.

The plaintiff seeks fees in the amount of $1,687.50. The Commissioner does not

challenge any of the hours expended by counsel as unreasonable nor does he challenge the hourly rate. Accordingly, upon consideration of the motion, and for good cause, it is

ORDERED that the motion for attorney's fees (doc. # 17) be and is hereby GRANTED to the extent that the plaintiff be and is hereby AWARDED fees in the amount of $1,687.50.

To the extent that plaintiff's counsel requests that fees be awarded directly to counsel, 28 U.S.C. § 2412(d)(1)(A) authorizes the court to award fees to the prevailing party.[1] *See* 28 U.S.C. § (d)(2)(B). The motion that fees be paid directly to counsel is hereby DENIED.

Done this 25th day of October, 2012.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE

---

[1] On May 5, 2008, the Eleventh Circuit Court of Appeals decided *Reeves v. Astrue*, 526 F.3d 732 (11th Cir. 2008) in which the Court unambiguously held that "attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney." *Id*. at 738. On June 14, 2010, the United States Supreme Court decided *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010) in which the Court unambiguously held that attorney's fees are awarded to the prevailing litigant, not to prevailing litigant's attorney. *See also Reeves v. Astrue*, 526 F.3d 732, 738 (11th Cir. 2008) ("attorney's fees are awarded to the prevailing party, not to the prevailing party's attorney.").